# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-461V
### Filed: August 24, 2017
### UNPUBLISHED

| | |
|---|---|
| STEVEN PATTON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Reduction of Billable Hours for<br>Paralegal Time and Vague Entries |

*Clifford John Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On April 12, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.,* (the "Vaccine Act").[2]  Pet. at 1 (ECF No. 1).  Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") following the administration of an influenza ("flu") vaccination on November 13, 2014.  *Id.* at 1-2.  On April 24, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  *See* Decision on Joint Stipulation, dated Apr. 24, 2017 (ECF No. 40).

  On April 26, 2017, petitioner filed a motion for attorneys' fees and costs. *See* Pet'r's Mot. Att'ys' Fees and Costs ("Pet'r's Mot.") (ECF No. 41).  Petitioner requests

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' fees in the amount of $30,985.10 and attorneys' costs in the amount of $2,929.72. *Id.* at 1. Additionally, in accordance with General Order #9, petitioner's counsel represented that petitioner incurred $400.00 in out-of-pocket expenses. *Id.* Thus, the total amount requested is $34,314.82.

On April 27, 2017, respondent filed a response to petitioner's motion. Resp't's Resp. to Pet'r's Mot. (ECF No. 42). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1-2. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply. The undersigned has reviewed the billing records submitted with petitioner's request and the matter is now ripe for adjudication.

**I.      Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

**a. Reasonable Attorneys' Fees**

"[S]pecial masters may consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl at 315. (citing *Saxton*, 3 F.3d at 1519). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).

**i.      Hourly Rates**

Petitioner requests the following hourly rates:

|  | **2015** | **2016** | **2017** |
|---|---|---|---|
| **Clifford J. Shoemaker** | $415 | $430 | $446 |
| **Renee J. Gentry** | $400 | $415 | $430 |
| **Sabrina S. Knickelbein[3]** | $350 | $363/365 | $378 |

Pet'r's Mot. at 5-19.

---

[3] For 2016, Ms. Knickelbein requested an hourly rate of $365. However, beginning October 28, 2016, the requested hourly rate changed to $363.

2

The Shoemaker firm's requested rates for 2015-2016 are within the ranges provided in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 563423, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016) and the Office of Special Masters' fee schedules.[4]  These rates have previously been found to be reasonable and have been awarded.  *See, e.g.*, *Mikkelson v. Sec'y of Health & Human Servs.*, No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); *Boylston v. Sec'y of Health & Human Servs.*, No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016).  The undersigned finds that the 2015-2016 hourly rates are reasonable and should be awarded in this case.

The 2017 requested rates for Mr. Shoemaker and Ms. Gentry have previously been found to be "inappropriately high."  *Morales v. Sec'y of Health & Human Servs.*, No. 14-1186V, 2017 WL 2806705, at *2 (Fed. Cl. Spec. Mstr. May 30, 2017) (reducing Mr. Shoemaker's 2017 rate from the requested $446 to $440 per hour and Ms. Gentry's requested $430 to $424 per hour); *Bookey v. Sec'y of Health & Human Servs.*, No, 13-26V, 2017 WL 2544892, at *2 (Fed. Cl. Spec. Mstr. May 18, 2017) (setting Mr. Shoemaker's hourly rate for 2017 at $440 and Ms. Gentry's hourly rate for 2017 at $424).  Mr. Shoemaker's and Ms. Gentry's requested rates exceed the applicable range for work performed in the Vaccine Program for that year.  Based on the reasoning in *Morales* and *Bookey*, the undersigned awards Mr. Shoemaker $440 and Ms. Gentry $424 per hour for work performed in 2017.  As in *Bookey* and *Morales*, the undersigned awards Ms. Knickelbein's requested rate of $378 per hour for work performed in 2017.

### ii.    Reduction of Billable Hours

After the hourly rate is determined, the reasonableness of the total hours expended must be deliberated.  *Sabella*, 86 Fed. Cl. At 205-06.  While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate for two reasons.  First, petitioner's counsel requests compensation at an attorney's hourly rate for paralegal work.  Second, certain billing entries are vague and do not sufficiently detail or explain the time billed.

For these reasons, and after carefully reviewing petitioners' application, the undersigned reduces petitioners' attorneys' fees award.  In making reduction, a line-by-line evaluation of the fee application is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484, aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in

---

[4] *See* United States Court of Federal Claims–OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914.

attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton,* 3 F.3d at 1521.

### 1. Paralegal Time

It is well established that attorneys who bill for performing non-attorney level work must appropriately reduce their hourly rate to reflect that of a paralegal. *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). After carefully reviewing petitioner's application for fees and costs, the undersigned finds that certain entries reflect paralegal tasks but are billed at the full attorney hourly rate.[5] In total, the attorneys billed approximately three and a half hours at attorney rates for what is most appropriately classified as paralegal tasks.[6]

The undersigned has previously reduced attorneys' fees for similar incorrectly billed entries. *See Wilson v. Sec'y of Health & Human Servs.*, No. 15-551V, 2017 WL 877278, at *3 (Fed. Cl. Spec. Mstr. Feb. 10, 2017) (reducing attorneys' fees for billing at attorney rates for paralegal tasks, including preparing exhibits to be filed, working on a list of medical providers, and talking to medical providers to collect records and verify which records have been received*); Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at *3 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (reducing attorneys' fees for incorrectly billing at attorney rates for paralegal tasks).

### 2. Vague Entries

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468 at *8. The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health & Human Servs.*, 12-39V, 2016 WL 2568468 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% for vague billing entries).

---

[5] For example, on June 19, 2016, Mr. Shoemaker billed 0.1 hours for "Email from Ryan Pyles about CD; make new one and direct mailing; email to Ryan." Pet'r's Mot. at 10. In addition, Ms. Knickelbein included several entries for filing and preparing to file exhibits, including 0.8 on April 22, 2016 for "Filed Exhibits 1-9; Drafted Table of Contents; Drafted and electronically filed a Notice of Filing Documents" and 0.4 hours on April 22, 2016 for "Prepared Exhibits 17-20 for filing on CD, revised Table of Contents." *Id.* at 16.

[6] Mr. Shoemaker and Ms. Knickelbein billed approximately eleven entries totaling three and a half hours and $1,365.50 in attorney fees.

4

The undersigned finds the number of vague billing entries in this case particularly troubling.[7]  For example, Mr. Shoemaker's records include more than 20 separate billings entries for "email from Gretchen" or "email to Gretchen."  See Pet'r's Mot. at 5-10.[8]  In addition, there are numerous vague entries for reviewing orders, pleadings, and correspondence.[9]  Id.  The undersigned has previously reduced attorneys' fees for Mr. Shoemaker for billing vague entries such as to "review pleadings."  See Davis, 2017 WL 877277, at *4 (reducing attorneys' fees because "[w]ithout additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable").

For all of these reasons, the undersigned will reduce petitioner's entire fee award by 10%.  **The undersigned reduces petitioner's requested attorneys' fees by $3,098.51.**

### b. Attorneys' Costs

The requirement that attorneys' fees be reasonable also applies to costs.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner requests reimbursement for attorney costs in the amount of $2,929.72.  The undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## II. Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---:|
| Requested attorneys' fees: | $30,985.10 |
| Attorneys' 10% Fee Reduction: | -  3,098.51 |
| **Adjusted Fees Total:** | **$27,886.59** |
| | |
| **Requested Costs Total:** | **+ $2,929.72** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$30,816.31** |

**Accordingly, the undersigned awards the total of $31,216.31[10] as follows:**

---

[7] Mr. Shoemaker billed a total of approximately 5.1 hours over 45 entries of vague billing entries. *See* Pet'r's Mot. at 5-11.

[8] For example, on October 9, 2015, Mr. Shoemaker billed 0.10 hours for "Email to Gretchen" (Pet'r's Mot. at 6); and on October 26, 2015, Mr. Shoemaker billed 0.10 hours for "Email from Gretchen". *Id.* at 7.

[9] For example, on October 9, 2016, Mr. Shoemaker billed 0.10 hours for "Review corr" (Pet'r's Mot. at 6); on May 5, 2016, Mr. Shoemaker billed 0.10 hours for "review order" (*id.* at 10); on April 7, 2017, Mr. Shoemaker billed 0.10 hours for "Review stip" (*id.* at 11).

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $30,816.31, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Shoemaker, Gentry & Knickelbein; and**

- **A lump sum of $400, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.